AF Approval [signature]

Chief Approval

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 2:21-cr-116-TPB-NPM

LARRY ALAN GOLDMAN

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Karin Hoppmann, Acting United States Attorney for the Middle District of

Florida, and the defendant, Larry Alan Goldman, and the attorney for the

defendant, Ben Stechschulte, mutually agree as follows:

### A.  **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information. Count One charges the defendant with dealing in firearms

without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A).

2.    Maximum Penalties

Count One carries a maximum sentence of five (5) years

imprisonment, a fine of $250,000.00, a term of supervised release of not more

than three (3) years, and a special assessment of $100 per felony count for

individuals, and $400 per felony count for persons other than individuals, such

Defendant's Initials 

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

as corporations.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:    the Defendant engaged in the business of dealing in firearms;

Second:    the Defendant didn't have a license issued under Federal law; and

Third    the Defendant acted knowingly and willfully.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the

Defendant's Initials     2

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials        3

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.  **Low End**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not

Defendant's Initials _____     4

be allowed to withdraw from the plea. Additionally, the defendant agrees to pay a $25,000 fine as part of his sentence.

9.      Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C.§ 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: (1) a Glock, model 43, 9mm pistol, serial number BCTM875; (2) a Charter Arms, .32 caliber revolver, serial number 21L08637; (3) a Keltec, model P3AT, .380 caliber pistol, serial number KU640; (4) a Savage, model 24 series S, .22 caliber rifle/shotgun, serial number n/a; (5) a Ruger, model 10/22 charger, .22 caliber pistol, serial number 826-09351; (6) a Savage, model 67F, .410 gauge shotgun, serial number n/a; (7) a Keystone Sporting Arms, model cricket, .22 caliber rifle, serial number 795523; (8) a Beretta, model 950, .25 caliber pistol, serial number BT16808; (9) a Browning, 6mm pistol, serial number 433519; (10) a Savage, model 9478, 20 gauge shotgun, serial number E458794; (11) a Remington, model 760, receiver/frame, serial number 7777; (12) a Remington, model 760, 30-30

Defendant's Initials                 5

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

caliber rifle, serial number A7379480; (13) an Anderson, model AM-16, 5.56 rifle, serial number 20362474; (14) a Mossberg, model 835, 12 gauge shotgun, serial number UM218841; (15) a Taurus International, model PT24/7G2, 9mm pistol, serial number TEY63759; (16) a Titan, .25 caliber pistol, serial number A21620; (17) a Ruger, model Mark IV, .22 caliber pistol, serial number 50002003; (18) a Taurus International, model 605, .357 pistol, serial number EY52462; (19) an Imperial, .22 caliber revolver, serial number 86838; (20) a Smith and Wesson, model 22A, .22 caliber pistol, serial number UBR9363; (21) a SCCY Industries, model CPX-2, 9mm pistol, serial number C160517; (22) an Altor Corporation, 9mm pistol, serial number AAB0138; (23) a Savage, model Stevens 5100, 12 gauge shotgun, serial number n/a; (24) a Savage, model 67, 12 gauge shotgun, serial number E580824; (25) a Mossberg, model 715T, .22 caliber rifle, serial number EM13923678; (26) a Savage, model 24, .22 caliber .410 gauge rifle/shotgun, serial number n/a; (27) a Savage, model 5, .22 caliber rifle, serial number n/a; (28) a Sig Sauer, model 1911, .45 caliber pistol, serial number 64A002286; and (29) a Harrington & Richardson, .22 caliber revolver, serial number AC28225, all firearms involved in the commission of the offense the defendant is pleading guilty to in this plea agreement.

Defendant's Initials _____      6

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees

Defendant's Initials _____        7

to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

Defendant's Initials           8

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

Defendant's Initials           9

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

    10.   <u>Abandonment of Property - Firearms and Ammunition</u>

        The United States of America and defendant hereby agree that any firearm and/or ammunition as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 924(d) and/or that the firearms and ammunition constitute evidence, contraband, or fruits of the crime to which he/she has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he/she has in the firearms and ammunition to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or other appropriate agency, to cause the firearms and/or ammunition described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

        As part of the plea agreement in this case, defendant in this case hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to (1) a Glock, model 43, 9mm pistol, serial number BCTM875; (2) a

Defendant's Initials _____       10

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

Charter Arms, .32 caliber revolver, serial number 21L08637; (3) a Keltec,

model P3AT, .380 caliber pistol, serial number KU640; (4) a Savage, model

24 series S, .22 caliber rifle/shotgun, serial number n/a; (5) a Ruger, model

10/22 charger, .22 caliber pistol, serial number 826-09351; (6) a Savage, model

67F, .410 gauge shotgun, serial number n/a; (7) a Keystone Sporting Arms,

model cricket, .22 caliber rifle, serial number 795523; (8) a Beretta, model 950,

.25 caliber pistol, serial number BT16808; (9) a Browning, 6mm pistol, serial

number 433519; (10) a Savage, model 9478, 20 gauge shotgun, serial number

E458794; (11) a Remington, model 760, receiver/frame, serial number 7777;

(12) a Remington, model 760, 30-30 caliber rifle, serial number A7379480;

(13) an Anderson, model AM-16, 5.56 rifle, serial number 20362474; (14) a

Mossberg, model 835, 12 gauge shotgun, serial number UM218841; (15) a

Taurus International, model PT24/7G2, 9mm pistol, serial number

TEY63759; (16) a Titan, .25 caliber pistol, serial number A21620; (17) a

Ruger, model Mark IV, .22 caliber pistol, serial number 50002003; (18) a

Taurus International, model 605, .357 pistol, serial number EY52462; (19) an

Imperial, .22 caliber revolver, serial number 86838; (20) a Smith and Wesson,

model 22A, .22 caliber pistol, serial number UBR9363; (21) a SCCY

Industries, model CPX-2, 9mm pistol, serial number C160517; (22) an Altor

Corporation, 9mm pistol, serial number AAB0138;  (23) a Savage, model

Defendant's Initials _____    11

Stevens 5100, 12 gauge shotgun, serial number n/a; (24) a Savage, model 67, 12 gauge shotgun, serial number E580824; (25) a Mossberg, model 715T, .22 caliber rifle, serial number EM13923678; (26) a Savage, model 24, .22 caliber .410 gauge rifle/shotgun, serial number n/a; (27) a Savage, model 5, .22 caliber rifle, serial number n/a; (28) a Sig Sauer, model 1911, .45 caliber pistol, serial number 64A002286; and (29) a Harrington & Richardson, .22 caliber revolver, serial number AC28225.

## B.    Standard Terms and Conditions

### 1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),

Defendant's Initials             12

including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine. As previously discussed, in section A. 8 of this plea agreement, the defendant agrees to pay a fine of $25,000.

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

Defendant's Initials           13

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.      Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete,

Defendant's Initials _____      14

accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence

Defendant's Initials _____   15

report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

> 7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as</u>

Defendant's Initials           16

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

determined by the Court pursuant to the United States Sentencing Guidelines;
(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)
the ground that the sentence violates the Eighth Amendment to the
Constitution; provided, however, that if the government exercises its right to
appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the
defendant is released from his waiver and may appeal the sentence as
authorized by 18 U.S.C. § 3742(a).

8.     Middle District of Florida Agreement

It is further understood that this agreement is limited to the
Office of the United States Attorney for the Middle District of Florida and
cannot bind other federal, state, or local prosecuting authorities, although this
office will bring defendant's cooperation, if any, to the attention of other
prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or
in camera, in whole or in part, upon a showing of good cause, and filed in this
cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.     Voluntariness

The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon

Defendant's Initials      17

any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The

Defendant's Initials _____     18

defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On or about January 28, 2020, the United States Bureau of Alcohol Tobacco, Firearms, and Explosives ("ATF") Fort Myers Field Office received information that an individual named "Larry" was selling firearms at the Shell Factory Flea Market ("Shell Factory") located at 16554 North Cleveland Ave, North Fort Myers, FL. Upon further research of vendors at the Shell Factory, ATF agents believed the individual named "Larry" was Larry Goldman. An ATF agent ran Goldman's name in E-Trace, an ATF database that contains records of firearm sales, a firearm's origin, and the trace history of firearms identified in criminal investigation. A search of Goldman's name in E-Trace revealed he purchased multiple firearms of similar make, model and caliber,

Defendant's Initials                 19

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

which ATF agents believed was a consistent pattern of conduct of someone who was actively reselling firearms. Additionally, ATF records revealed Goldman was not a licensed dealer of firearms.

Between the dates of February 2, 2020 and August 3, 2021, ATF agents, serving in an undercover capacity, and a confidential information conducted approximately seven undercover firearms purchases from Goldman at the Shell Factory and another flea market located at 2449 North Tamiami Trail, North Fort Myers, FL. In total, approximately fourteen firearms were purchased from Goldman for approximately $6,917. During each undercover purchase of firearms from Goldman, ATF agents observed approximately 20 to 30 firearms on display at Goldman's vendor booth.

On September 14, 2021, ATF agents met with Goldman at his home in North Port, FL. Goldman agreed to speak with ATF agents and informed them that he had been selling guns at the Shell Factory in North Fort Myers. Goldman described his employment status as being self-employed through his corporation, L&G Distribution, and that the busines sold guns, knives, ammunition, stun guns, and other items at the flea market. ATF agents served Goldman with a Notice of Unlicensed Firearms Dealing Violation, and Goldman agreed to stop selling firearms until he obtained a Federal Firearms License (FFL).

Defendant's Initials _____        20

Following ATF's meeting with Goldman, on September 28, 2021 and October 2, 2021, ATF agents made two additional undercover purchases of firearms from Goldman at the Shell Factory. On September 28, 2021, ATF agents visited Goldman at the Shell Factory. Unlike previous undercover purchases, Goldman did not have any firearms on display at his vendor booth. However, after undercover ATF agents inquired about the purchase of a particular firearm the Goldman did not have, Goldman retrieved a Ceska Zbrojovka 9mm firearm from the rear passenger door of his pick-up truck and handed it to the agents. Goldman offered to sell the firearm to the undercover ATF agents for $700, to which they agreed and handed Goldman $700 in cash.

On October 2, 2021, undercover ATF agents returned to the Shell Factory to make another undercover purchase of a firearm from Goldman. This time, Goldman had approximately ten long-guns displayed on the top of his truck bed cover and approximately five or six firearms positioned in the back of his covered truck bed accessible from the open tailgate. Undercover ATF agents purchased a Glock, model 43 firearm from Goldman for $625 cash.

On October 19, 2021, ATF agents executed a search warrant of Goldman's residence and the truck and trailer he used to facilitate the sale of

Defendant's Initials           21

Doc ID: 55432359e71cc5bbddbda5d5ff8378f981892f60

firearms at the Shell Factory. During a search of the residence and the trailer, ATF agents seized approximately 29 firearms. Additionally, ATF agents found approximately $36,828 in cash that was stored inside of a shoe box located in a safe in the residence's garage.

A search of multiple sale firearm purchases made by Goldman between January 2020 and September 2021, revealed Goldman made approximately 56 multiple sales transactions, totaling a purchase of approximately 313 firearms. Additionally, a review of Goldman's financial records during this period revealed a high volume of cash, money order, and check deposits consistent with the sale of firearms.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials           22

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __14th__ day of December, 2021.

KARIN HOPPMANN
Acting United States Attorney

_____          _____
Larry Alan Goldman               Trenton J. Reichling
Defendant                        Assistant United States Attorney

_____          _____
Ben Stechschulte                 Jesus M. Casas
Attorney for Defendant           Assistant United States Attorney
                                 Chief, Fort Myers Division

Defendant's Initials _____                    23